## BOUDE v. THE METHODIST EPISCOPAL CHURCH.

MECHANIC'S LIEN: EVIDENCE: PLEADING AND PRACTICE.

*Appeal from Webster Circuit Court.*

WEDNESDAY, DECEMBER 12.

THE cause of action was stated in the petition as follows:

"1. That on the 9th day of November, 1874, at Ft. Dodge, Iowa, plaintiff, by virtue of a contract with defendant, sold and delivered to defendant certain building material, consisting of five hundred and fourteen bushels of lime, of the value of one hundred and seventy-nine and ninety one-hundredths dollars ($179.90).

"2. That by the terms of said contract and sale said sum became due November 9th 1874, but defendant did not pay the same.

"3. That said material was used in erecting a building and appurtenances upon lots nine (9) and ten (10), in block nineteen (19), in East Fort Dodge.

"4. That said premises were at the time of making said contract and till filing of the affidavit, notice and lien hereinafter mentioned, the property of defendant.

"5. That on the 8th day of May, 1875, and after the performance of said contract, plaintiff duly filed with the clerk of the District Court of said county a just and true account of the demand due him as aforesaid from the defendant, a copy of which said account and affidavit, with the indorsements thereon. are hereto annexed, marked Exhibits "A" and "B" respectively, and made a part hereof."

Exhibit "A," attached to and made a part of the petition, was an account or bill of particulars of the lime claimed to have been furnished, and Exhibit "B" was what purported to be the statement required by law to be filed in cases where a mechanic's lien is claimed. It set forth that under and by virtue of a contract with Isaac Garmoe, one of the trustees of defendant, the lime was furnished and used in the construction of the church situate on the lots described in the petition. The amount of lime was stated to be five hundred and fourteen bushels and the value thereof to be $179.90. A mechanic's lien for that sum on said property was claimed.

To the petition the defendant filed the following answer:

"Defendant denies the making of any contract with plaintiff to furnish, sell or deliver said lime, or any part thereof.

"Denies that plaintiff ever sold or delivered said lime, or any part thereof, to defendant.

"Denies that the value thereof was $179.90, or thirty-five cents per bushel.

"Denies any indebtedness to plaintiff, or that plaintiff is entitled to any judgment or mechanic's lien for said lime.

"Admits its corporate character and capacity.

"Denies each and every allegation of petition except as admitted in said answer.

"And for further answer and for cross-petition defendant states:

"That previous to June, 1874, to-wit: on May 27, 1874, plaintiff, being

VOL. XLVII—45

then engaged in the lime business, had taken a large quantity of limestone from the land of one Brainard, in Webster county, Iowa, which limestone was the property of said Brainard, and converted the said limestone to his (plaintiff's) use, without the knowledge or consent of said Brainard, and having taken the same agreed to repay said Brainard by delivering to said Brainard lime at market price.

"That in pursuance of said agreement said plaintiff delivered to said Brainard by her agent, Isaac Garmoe, and on the written order of said Brainard to deliver the same, the lime in question, which order was delivered to plaintiff on delivery of said lime, which said order plaintiff is required to produce.

"That said lime was received from plaintiff by defendant on account of said Brainard, and not otherwise, and was used in the construction of defendant's church, as set forth in the petition.

"Alleges that said mechanic's lien is wrongful and ought to be removed, as being a cloud on the defendant's title.

"Prays that said lien be canceled within a reasonable time, to be fixed by the court, and that if plaintiff fails to cancel the said lien within such time, that the decree of the court operate as a cancellation thereof and be declared to so cancel and discharge said lien."

There was a reply denying the allegations of the answer. Under the issue thus joined there was a trial to the court and a personal judgment rendered against the defendant, and a mechanic's lien established on the property described in the petition. The defendant appeals.

*Doud & Clarke*, for appellants.

*George Richards*, for appellee.

SEEVERS, J. The abstract states that all the evidence introduced on the trial is contained therein. But there was no evidence tending to prove 1. That defendant owned the premises described in the petition; 2. The quantity of lime or how much was used in the construction of the church; and 3. The filing of the claim for a lien in the clerk's office. The appellee, however, insists that no evidence as to any of these matters was required, because they were either admitted or not specifically denied in the answer. This question first demands our attention.

I. As to the ownership of the premises. The petition alleges the lime was used in erecting a building      *      *      upon lots nine (9) and ten (10), in block nineteen (19), in East Fort Dodge." The answer denies "each and every allegation of the petition except as admitted." But it also states that the lime "was used in the construction of defendant's church, as set forth in the petition." This is an admission that defendant owned the property described in the petition.

II. As to the quantity of lime, this is specifically alleged in the petition. The answer states that plaintiff was indebted to one Brainard, which it was agreed should be paid in lime at the market price, and that in pursuance of said agreement the *lime in question* was delivered on the order of said Brainard. "That said lime was received from plaintiff by defendant on account of said Brainard, and not otherwise." The "lime in question" was

that described and referred to in the petition, and it should be taken as an admission that the quantity of lime was not disputed, but simply whether the plaintiff was to look to Brainard or the defendant for payment.

III.  As to the filing of a mechanic's lien.  It should be borne in mind that no motion for a more specific statement, or other objection was made to the sufficiency of the petition before the trial in the court below.  Under such circumstances we think it sufficiently appears from the petition and exhibit made a part thereof that a claim for a mechanic's lien was duly made and properly filed in the clerk's office.  The answer denies that plaintiff is entitled to a mechanic's lien, but this does not amount to a denial that one was filed.  Each allegation in the petition, however, is denied except as admitted, and the answer then " alleges that said mechanic's lien is wrongful, and ought to be removed as being a cloud on defendant's title," and the cancellation thereof is asked.

This, we think, amounts to an admission that the lien had been filed.  For it could not be a cloud on defendant's title unless such had been the case.  Beside this the existence of the lien is admitted, and there cannot be a lien unless it had been filed.  Take the whole record together we are strongly impressed that the only matter litigated, or intended so to be, was as to who was to pay for the lime, Brainard or the defendant.  To that point the evidence on both sides was directed, and there is nothing to indicate the foregoing questions were ever brought to the attention of the court below, and we are inclined to think they have been raised for the first time in this court.

IV.  It is urged that the rendition of a personal judgment against the defendant is erroneous because no such relief is asked in the petition.  That the prayer for judgment is inartistically drawn there is no doubt, but that it asks for some relief there can be no question.  Whether it in plain and direct terms asks for a personal judgment against the defendant is exceedingly doubtful.  But no objection as we have said was made as to the sufficiency of the petition before the trial.  It is probable this objection would have been premature before the trial, but not so as to a motion in arrest after the trial.  Such a motion is expressly authorized.  Code, §§ 2650, 2842, 2843.  Had it been made in the court below, the petition could have been amended so as to avoid or remedy the defect.  Code, § 2842.  As no such motion was made this objection comes too late.

V.  We do not understand counsel to claim that this cause is triable *de novo* in this court, because no such claim is specifically made and errors are assigned, among which are that the finding and judgment are against the evidence.  If triable anew here the assignment of such an error would be unnecessary and out of place.  The abstract fails to show any compliance whatever with the requirements of section 2742 of the Code, and we have repeatedly held this must be shown before a trial *de novo* can be had in this court.  The finding, therefore, has the force and effect of a verdict of a jury, and there is not such an absolute want of evidence in support of the judgment as to indicate passion or prejudice of the judge before whom the cause was tried.  The most that can be said the evidence was conflicting, and we are by no means sure it does not preponderate in favor of the plaintiff.  The rule is well established that under such circumstances we cannot reverse the judgment.

AFFIRMED.